Curia, per
Q’Neall, J.
The city court of Charleston is limited in jurisdiction, both as to the amount of the demand, and the residence of the defendant.
It hence follows, that it is an inferior court; and whenever the. want of jurisdiction appears, it cannot proceed. The obstacle may be made plain by reference to what constantly occurs in the superior court. A defendant is sued on a note, supposed to be more than $20. On the trial, it appears that less than that sum is due; as by the Act exclusive jurisdiction to that sum is given to magistrates, a non-suit, for want of jurisdiction, is the inevitable consequence. In a court of limited jurisdiction, whether it is necessary to prove, as well as allege, the facts necessary to give jurisdiction, it is unnecessary in this case to decide. For the fact negativing the jurisdiction was admitted. If the objection argued was intended to be made, the objection should have been urged to the exclusion of the fact that defendant did not live within the city.
But I incline to the opinion, that the objection argued could not prevail. For the rule suggested by the Recorder, and maintained by the plaintiff’s counsel, applies to the superior jurisdiction. In it, if the defendant relies upon a privilege, or residence, within an inferior jurisdiction, which exempts him from suit in the superior jurisdiction, then such an objection to the maintenance of the suit can only be made on half defence and in person. For full defence, or appearance by attorney, would waive the objection. The *277 reason is because the jurisdiction's general, and the want of jurisdiction is in the nature of an abatement of the writ, and must be strictly pleaded. But an inferior jurisdiction must, by the record, shew itself to have jurisdiction ; and the general yule is, that the plaintiff must prove his allegations.
The only exception is where the plaintiff claims in. a particular character, then the defendant’s plea of the general issue admits that. But here, the jurisdiction is a precedent fact to every thing else, and must be proved. There is nothing in the cases of the Planters’ and Mechanics' Bank vs. Cowing & Wagner, 2 N. & Mc. 438, or Overstre t vs. Brown, 4th McC. 79, which can lead to any other conclusion. They only allege that after verdict the objection comes too late; and that is because in law it is then supposed to have been proved that defendant lived in the jurisdiction. The motion is dismissed.
Richardson, Evans, Butler and Frost, JJ. concurred.